UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: INJAH TAFARI,                                1:12-mc-42
                                                    (GLS)
          Respondent.
_____

## ORDER

After examining the District Court's docket, it appears that respondent Injah Tafari has engaged in a pattern of abuse of the judicial process, and thus, should be enjoined from filing future cases in this District without permission from the Chief Judge.  However, before doing so, Tafari must be given an opportunity to show cause why an anti-filing injunction should not be entered.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process."  *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).  Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts.  *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits

constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

After carefully reviewing the publicly available court records, the court concludes that, unless he shows cause otherwise, Tafari should be enjoined from filing future lawsuits without leave of the Chief Judge. To date, Tafari has filed twenty-nine (29) actions in this District, thirteen of which were filed just last year.[1] Indeed, on June 4, 2012 alone, Tafari filed a letter motion for a Preliminary Injunction/Temporary Restraining Order in

---

[1] *See* case nos. 00-cv-1859; 01-cv-663; 01-cv-1600; 07-cv-654; 08-cv-1060; 10-cv-505; 10-cv-577; 10-cv-790; 10-cv-1035; 10-cv-1065; 11-cv-58; 11-cv-81; 11-cv-263; 11-cv-433; 11-cv-679; 11-cv-694; 11-cv-1342; 11-cv-1390; 11-cv-1422; 11-cv-1429; 11-cv-1446; 11-cv-1447; 11-cv-1448; 11-cv-1464; 11-cv-1476; 12-cv-269; 12-cv-662; 12-cv-703; 12-cv-985.

seventeen (17) of his pending cases, (*see, e.g.*, Dkt. No. 14, 11-cv-1447), despite the fact that he filed a nearly identical motion in twelve of the cases one month earlier, (*see, e.g.*, Dkt. No. 8, 11-cv-1447).  Moreover, Tafari has accumulated well over three strikes for the purposes of 28 U.S.C. § 1915(g), (*see* Dkt. No. 6 at 3-4, 12-cv-703), yet has repeatedly sought to usurp the PLRA by repeating nearly identical claims of imminent danger, (*compare* Compl. ¶¶ 8-10, Dkt. No. 1, 11-cv-1429, *with* Compl. ¶¶ 11-13, Dkt. No. 1, 11-cv-1390), and by converting cases filed under 28 U.S.C. § 2254 to cases under 42 U.S.C. § 1983, (*see, e.g.,* Dkt. No. 44, 10-cv-790).

In light of his litigation history, the court concludes that Tafari can only be estopped from pursuing frivolous claims by a more severe sanction than dismissing his actions.  To this end, four of the five factors discussed in *Iwachiw*, 396 F.3d at 528, are unequivocally satisfied here: (1) Tafari has a long history of vexatious and harassing litigation in this District; (2) Tafari's lawsuits are typically characterized by unfounded civil rights violations upon which he has no good faith expectation of prevailing; (3) Tafari's baseless complaints have occasioned a tremendous waste of time and resources; and (4) Tafari's cavalier disregard for court directives and

orders renders any lesser sanction inadequate.[2]

Notwithstanding the overwhelming support for an anti-filing injunction, fairness dictates that Tafari be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529.  As such, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the court.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Tafari shall, within fourteen (14) days of the date of this Order, show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge; and it is further

**ORDERED** that, if Tafari does not fully comply with this Order, the court will issue a subsequent order, without further explanation, permanently enjoining Tafari from filing a pleading or document of any kind in any future case in this District without leave of the court; and it is further

---

[2] As to the fifth factor—whether the litigant is represented by counsel—the courts of this District have heretofore exercised a great deal of restraint in light of Tafari's *pro se* status.  The time for patience has passed.  While a litigant's *pro se* status may excuse innocent mistakes, it does not provide a license to engage in frivolous and harassing litigation.

4

**ORDERED** that the Clerk shall provide a copy of this Order to Tafari by certified mail.

**IT IS SO ORDERED.**

June 19, 2012
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court